IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**IRVIN SYLVESTER DOYE,**

      **Plaintiff,**

**v.**         **Civil Action No. 3:07cv5**
      **(Judge Keeley)**

**JOYCE FRANCIS**,

      **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, a *pro se* federal inmate, initiated this case pursuant to a civil rights complaint filed on January 12, 2007.

### I. The Complaint

In the complaint, Plaintiff alleges that he is seeking damages against the defendant for violations of the Ex Post Facto Clause and the Fifth and Sixth Amendments to the United States Constitution. In support of the complaint, Plaintiff asserts that on June 23, 2003, he received a federal sentence as mandated by the United States Sentencing Guidelines ("USSG"). Plaintiff further asserts that on January 12, 2005, the United States Supreme Court declared the USSG unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Therefore, Plaintiff asserts that his sentence, imposed under the version of the USSG declared invalid by Booker, is null and void. Accordingly, Plaintiff asserts that the defendant, the Warden at the institution in which he is currently confined, no longer has the authority to hold him. In fact, Plaintiff appears to argue that as a federal employee, the defendant actually had an affirmative duty to release Plaintiff from his sentence when the USSG was declared invalid. Plaintiff also asserts a state law claim of fraud

against the defendant for continuing to enforce his sentence after it had been declared invalid. In addition, Plaintiff asserts that the statue under which he is being held is unconstitutional because it was not properly enacted by Congress. Plaintiff seeks damages against the Defendant for every day she continues to hold him in custody after the Booker decision.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

This case is due to be dismissed as frivolous because Plaintiff has no chance of success. In

---

[1] Id. at 327.

Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to Plaintiff in this case would necessarily imply the invalidity of his conviction[2] and that Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Plaintiff has no chance of success on the merits and his claim is frivolous.

**IV. Recommendation**

In consideration of the foregoing, it is recommended that Plaintiff's complaint be DISMISSED as frivolous.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED: March 14, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE