# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**IRVIN SYLVESTER DOYE,**

    Petitioner,

v.   **CIVIL ACTION NO. 3:07-CV-05**
    (BAILEY)

**JOYCE FRANCIS,**

    Respondent.

## JUDGMENT ORDER

### Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R on March 14, 2007 [Doc. 10]. In that filing, the magistrate judge recommended that this Court deny Petitioner's Civil Rights Complaint [Doc. 1].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for

clear error.

## Factual Background

The plaintiff is seeking damages against the defendant for violations of the Ex Post Facto Clause and the Fifth and Sixth Amendments of the United States Constitution. In support of the complaint, the plaintiff asserts that on June 23, 2003, he received a federal sentence as mandated by the United States Sentencing Guidelines ("USSG"). The plaintiff further contends that on January 12, 2005, the United States Supreme Court declared the USSG unconstitutional in ***United States v. Booker***, 543 U.S. 220 (2005). Therefore, the plaintiff asserts that his sentence, which was imposed under the version of the USSG that was declared invalid by ***Booker***, is null and void.

Accordingly, the plaintiff asserts that the institution that currently confines him no longer has the authority to do so. Mr. Doye appears to argue that as a federal employee, the defendant warden actually had an affirmative duty to release the plaintiff from his sentence when the USSG was declared invalid.

Additionally, the plaintiff asserts a state law claim of fraud against the defendant for continuing to enforce his sentence after it had been declared invalid. Further, the plaintiff asserts that the statute under which he is being held is unconstitutional because it was not properly enacted by Congress. The plaintiff seeks damages against the defendant for every day she continues to hold him in custody after the ***Booker*** decision.

## Analysis

In ***Heck v. Humphrey***, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found that "in order to recover damages for allegedly unconstitutional

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . " *Heck*, at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id*. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits, and his claim is frivolous.

## Conclusion

This Court finds that the magistrate judge's assessment of the facts and law is well founded. It is, thus, the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 10] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, it is **ORDERED** that this matter be **DISMISSED as frivolous** from the Court's docket.

The Clerk is directed to mail a certified copy of this Judgment Order to all counsel of record, the plaintiff, *pro se*, and Magistrate Judge Seibert.

**DATED:** May 22, 2007

                                                      /s/ John Preston Bailey
                                          JOHN PRESTON BAILEY
                                          UNITED STATES DISTRICT JUDGE